# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**GLENN SCOTT SNYDER**                                                                        **PLAINTIFF**

**v.**                               **CASE NO. 3:23-CV-00073-LPR**

**SOCIAL SECURITY ADMINISTRATION**                                          **DEFENDANT**

## ORDER

Before the Court is Plaintiff's motion for attorney fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d).[1]  Plaintiff requests an award of $7,509.16.  Defendant does not object to an award of fees in the amount requested.[2]  For the reasons discussed below, Plaintiff's motion is GRANTED.[3]

Under the EAJA, a prevailing social security claimant is entitled to an award of reasonable attorney fees and expenses unless the Court determines that the Commissioner's position was "substantially justified" or special circumstances would make an award unjust.[4]  After carefully reviewing the parties' submissions and the record in this case, the Court finds that Plaintiff is entitled to an attorney fee award pursuant to the EAJA.

On March 29, 1996, the statutory ceiling for EAJA fee awards was set at $125 per hour, and attorney fees cannot exceed this hourly rate unless the Court determines that a higher fee is justified based on an increase in cost of living or another special factor.[5]  The decision to increase

---

[1] Pl.'s Mot. for Att'y Fees (Doc. 18).

[2] Def.'s Resp. to Pl.'s Mot. for Att'y Fees (Doc. 20).

[3] There is one exception.  Plaintiff requests that the Court order the fee award be made payable to Plaintiff's attorney.  But, consistent with the Commissioner's usual procedure in light of *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010), payment of the fees should be issued by check to the order of Plaintiff, in care of his attorney, and mailed directly to Plaintiff's attorney.

[4] 28 U.S.C. § 2412(d)(1)(A).

[5] *Id*. § 2412(d)(2)(A).

the hourly rate is not automatic and remains at the discretion of the district court.[6] The Eighth Circuit has stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees" in excess of the statutory ceiling, such as a copy of the Consumer Price Index.[7] Use of the CPI "should result in consistent hourly fee awards in each case, rather than producing disparate fee awards from each court within the district or from different districts within this circuit."[8] Plaintiff has demonstrated that the CPI justifies a higher hourly rate, and the Defendant does not object to the rate proposed.[9] The Court finds that the requested hourly rate is reasonable.

Plaintiff's counsel's itemization of hours reflects that 31.6 attorney hours were spent working on this case. Although the Court finds that a *de minimis* number of these hours reflect non-compensable administrative tasks, the parties have negotiated a reduced fee award amount that accounts for these entries.[10] After reviewing the record, the Court finds that the number of hours compensated by the fee award were reasonably expended on the litigation.

Based on the above, the undersigned awards Plaintiff attorney fees under the EAJA in the requested amount of $7,509.16. Consistent with the Commissioner's usual procedure in light of *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010), payment of the fees should be issued by check to the order of Plaintiff, in care of his attorney, and mailed directly to Plaintiff's attorney.

IT IS SO ORDERED this 25th day of April 2024.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[6] *McNulty v. Sullivan*, 886 F.2d 1074 (8th Cir.1989).

[7] *Johnson v. Sullivan*, 919 F.2d 503, 505 (8th Cir. 1990).

[8] *Id*.

[9] *See* Doc. 19–1.

[10] *Id*.